Dear Mr. Erdey:
This office is in receipt of your request for an opinion of the Attorney General in regard to possible liability by the Livingston Parish Communication District for delayed response for ambulance service to a 911 call. You indicate Livingston Parish Communication District, manager of the parish 911 system, has an agreement with the City of Denham Springs by which the District pays for five operators and the City pays for five with all housed in the Denham Springs Police Department. They are all supervised by a police communications officer. They take the 911 calls and route them to the appropriate service. Presently Acadian Ambulance Service responds to calls parish wide and Regional Ambulance Service responds to the western portion of the parish. In the area where both ambulance services are available the calls are handled on an alternating basis. On a minimum of calls when Regional Ambulance Service is unable to respond, the 911 operator will as quickly as possible request response from Acadian Ambulance Service to handle such calls.
Your questions are as follows:
 1. If any harm occurs from a delay in the emergency medical response due to one ambulance's inability to respond to a call and another ambulance service handles the call, will the Livingston Parish Communication District be held liable for such delay; and
 2. Will the Livingston Parish Communication District be held liable by not requiring both services to respond to calls throughout the parish, in lieu of one ambulance service responding to only a limited portion of the parish.
R.S. 45:792 sets forth the procedures to be followed by public agencies affected by the establishment of the 911 system for emergency telephone calls. The methods are: the direct dispatch method, relay method, transfer method, and referral method. It is the communication district's responsibility to determine the method it deems to be most feasible for handling the emergency calls and the detailed procedure. This office has recognized in Atty. Gen. Op. No. 93-152 that the communication district has a responsibility under the "transfer method" or the "direct dispatch method" to fulfill its obligations of assuming a duty to provide transportation from a public safety agency and should have specific provisions for handling the matter. It was concluded in answer to the question of the obligation of the district when a privately owned ambulance refuses to transport the patient that the district's best interest may be to enter an agreement with private providers to ensure itself of service at all times and to relieve itself of the liability that may occur should all private providers refuse to transport a patient.
Your question is not one of liability for a refusal to transport by ambulance service but a delay in response. Obviously, the question of liability would require a factual determination which we are not in a position to consider.
However, we do note that R.S. 40:1235(A)(1) provides for immunity as a result of acts or omissions in rendering emergency medical care by any basic, intermediate or paramedic emergency medical technicians while in performance of his medical duties except for acts or omissions intentionally designed to harm, or for grossly negligent acts, and (A)(2) further provides as follows:
 The immunity granted herein to basic, intermediate and paramedic emergency medical technicians * * * extends to
parish governing authorities, police departments, sheriffs, officers, fire departments or other public agencies engaged in rendering emergency medical services
and its insurers with respect to such emergency medical services unless the emergency medical technicians employed by said agencies would be personally liable under the provisions of paragraph 1. (Emphasis added.)
While there does not appear to be any Louisiana cases on point, we have found jurisprudence in other jurisdictions which have held 911 is an emergency service and not a police protection service and the applicable standard of liability is that of willful and wanton misconduct. Barth by Barth v.Board of Education, 490 N.E.2d 77 (Ill.App. 1986);Hendon v. DeKalb County, 417 S.E.2d 705
(Ga.App. 1992). Other jurisdictions in regard to liability of 911 delays indicate a municipality or its employees may not be liable for failure to supply general police or fire protection unless a public employee exercises care or custody over an individual so that the "special duty" exception is activated. It has been held for existence of a special duty there must be both personal contact beyond a simple request for protection or aid and some additional factor such as reliance upon the promise of aid which lulls the victim into inaction. City of Gary Indiana v.Odie, 638 N.E.2d 1326 (Ind. Appeal 1994); Dore v.Calumet City, 609 N.E.2d 689 (Ill, pp 1992).
Without Louisiana jurisprudence, it is not clear whether the liability from the 911 service would require proof as a special duty, or fall within the provision that there is only liability with an act or omission intentionally designed to harm or when grossly negligent. This is a matter that can only be decided by the courts, but in either case the liability will depend upon a factual determination regarding any delay.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR